UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DWIGHT JOHN,**<br>    **Petitioner,**<br><br>v.<br><br>**EDWARD FICCO,**<br>    **Respondent.** | )<br>)<br>)      Civil Action No. 05-11653-WGY<br>)<br>)<br>)<br>)<br>) |

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to Rule 5 of the Rules Governing Section 2254 cases, the respondent, Edward Ficco, by and through his counsel, the Attorney General of the Commonwealth of Massachusetts, hereby answers the Petition for Writ of Habeas Corpus (the "petition") as follows:

1.  The respondent admits the factual allegation contained in paragraph 1 of the petition.

2.  The respondent admits the factual allegations contained in paragraph 2 of the petition.

3.  The respondent admits the factual allegation in contained in paragraph 3. Further answering, the respondent states that pursuant to Mass. Gen. Laws, ch. 265, § 2, the petitioner's sentence to life imprisonment is without the possibility of parole.

4.  The respondent states that paragraph four of the petition was left blank and that no response is necessary. Further answering, the respondent states, on information and belief, that in this case, the petitioner was convicted of first-degree murder only.

5.  The respondent admits the factual allegation contained in paragraph 5 of the

2

petition.

6. The respondent admits, on information and belief, the factual allegation contained in paragraph 6 of the petition.

7. The respondent admits, on information and belief, the factual allegation contained in paragraph 7 of the petition.

8. The respondent admits the factual allegation contained in paragraph 8 of the petition.

9(a)-(c). The respondent admits the factual allegations contained in subparagraphs 9(a)-(c) of the petition.

9(d). The respondent denies the allegation contained in subparagraph 9(d) of the petition and states that the Massachusetts Supreme Judicial Court's decision was issued on August 10, 2004.

9(e). The respondent admits the factual allegation contained in subparagraph 9(e) of the petition.

9(f). The respondent admits the factual allegation contained in subparagraph 9(f) of the petition.

9(g). The respondent admits the factual allegation contained in subparagraph 9(g) of the petition but notes that the Supreme Judicial Court is the highest court of record in the Commonwealth.

9(h). The respondent admits, on information and belief, the factual allegation contained in subparagraph 9(h).

10. The respondent admits, on information and belief, the factual allegations

3

contained in paragraph 10 of the petition.

    11.    Paragraph 11 was left blank by the petitioner and therefore requires no response.

    12.    The respondent states that paragraph 12 of the petition contains legal argument and conclusions to which no response is required. To the extent that paragraph 12 contains allegations of fact that do not comport with the Supreme Judicial Court's findings of fact, they are denied.

    13.    The respondent admits the factual allegations contained in paragraph 13 of the petition.

    14.    The respondent is without sufficient information to admit or deny the factual allegations contained in paragraph 14 of the petition.

    15.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the petition and calls upon the petitioner to prove same.

    16.    The respondent admits the factual allegations contained in paragraph 16 of the petition.

    17.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the petition and calls upon the petitioner to prove same.

    18.    Paragraph 18 of the petition was left blank and therefore requires no response. Further answering, the respondent states that the petition appears to have been filed timely.

4

### First Affirmative Defense

The Petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

### Second Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Third Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. *See* 28 U.S.C. § 2254(d)(2).

### Fourth Affirmative Defense

The Petition should be denied because the petitioner cannot rebut the presumption of correctness accorded to the state court's factual determinations underlying his federal constitutional claims. *See* 28 U.S.C. § 2254(e)(1).

### Fifth Affirmative Defense

The Petition should be denied to the extent the petitioner's grounds for relief are premised solely on matters of state law.

### Sixth Affirmative Defense

The Petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

5

### Seventh Affirmative Defense

The Petition should be denied if and to the extent that the decision of the state court below rests on a state law ground that is both independent of the federal questions the petitioner presents here and adequate to support the judgment.

### Eighth Affirmative Defense

The respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

### Ninth Affirmative Defense

The respondent respectfully requests that the Court dismiss the Petition to the extent the claims contained within it are unexhausted.

### Supplemental Rule 5 Materials

In accordance with Rule 5 of the Habeas Rules, the respondent states that, based on his preliminary review, the petition appears to be timely filed, 28 U.S.C. § 2244(d). Further, the petitioner appears to have sufficiently exhausted his state-court remedies before filing his petition. 28 U.S.C. § 2254(b). A list of available transcripts is contained in Respondent's Supplemental Answer, which is filed with this Answer.

**WHEREFORE,** the respondent respectfully requests that the Petition for a Writ of Habeas Corpus be denied.

Respectfully submitted,

THOMAS F. RILEY
Attorney General

/s/ Daniel I. Smulow
Daniel I. Smulow, BBO No. 641668

6

                                                          Assistant Attorney General
                                                          Criminal Bureau
                                                          One Ashburton Place
                                                          Boston, Massachusetts 02108
                                                          (617) 727-2200 ext. 2949

Dated: September 9, 2005

## Certificate of Service

    I, Daniel I. Smulow, hereby certify that on September 9, 2005, I served a true copy of this document by first class mail on counsel for the petitioner: James Lawson, Esq., 20 Park Plaza, Suite 905, Boston, MA 02116.

                                                                                /s/ Daniel I. Smulow

## Notice of Filing with Clerk's Office

    Notice is hereby given that the Respondents' Supplemental Answer has been manually filed with the Court and is available in paper form only.

                                                                                /s/ Daniel I. Smulow

Dated: September 9, 2005