```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| DWIGHT JOHN          )<br>    Petitioner     )<br>                     )<br>    V.               )<br>                     )<br>LOIS RUSSO,          )<br>Superintendent      )<br>Souza Baranowski     )<br>Correctional Facility, )<br>    Respondent      ) | Civ Action<br>No. 05-11653-WGY |

**PETITIONER'S RESPONSE TO RESPONDENT'S MEMORANDUM IN OPPOSITION TO HABEAS PETITION**

The Petitioner has filed his habeas petition on the grounds that: (1) the federal government coerced incriminating statements from Mr. John by promising him informal immunity; and (2) improperly provided the Commonwealth of Massachusetts with those statements in a murder prosecution in violation of his Fifth and Fourteenth Amendment rights against self-incrimination and due process. These statements were admitted at his murder trial in the Commonwealth of Massachusetts, which resulted in his conviction and a life sentence. The Respondent has responded to the Petitioner's habeas petition by arguing that (1) the state court's decision that no such promise was made should be upheld and (2) even if a promise was made, his statements were bargained for and, therefore, were not coerced under federal law.

Petitioner will only respond to the second argument as the first was exhaustively analyzed in his original memorandum.

Contrary to the Respondent's claim that a promise of immunity is not coercive, the Supreme Court of the United States has held that "'[A] confession, in order to be admissible, must be free and voluntary: that is *** not *** obtained by direct or implied promises, however, slight***". Shotwell Mfg v. United States, 371 U.S. 341, 347 (1963)(quoting Bram v. United States, 168 U.S. 532, 542-543, 18 S.Ct. 183) Neither the Bram nor Shotwell courts limited this holding to formal grants of immunity. In fact, this holding extends to any incriminating statements obtained through promises including informal promises of immunity by a prosecutor.  See Hawkins v. Hannigan, 185 F.3d 1146 (10th Cir. 1999)(as defendant induced by a promise of leniency to give incriminating statement to state authorities, the statement was not voluntary and violated his right against self-incrimination); but see United States v. Camp, 72 F.3d 759 (9th Cir. 1995)(totality of circumstances did not warrant finding of that state immunity agreement compelled self-incrimination)

"It is of course a constitutional principle of long standing that the prosecution 'must establish guilt by evidence independently and freely secured and may not by

2

coercion prove its charge against an accused out of his own mouth.'" Shotwell v. United States, supra [quoting Rogers v. Richard, 365 U.S. 534, 541, 81 S.Ct. 735, 739] Evidence procured through direct or implied promises "can no more be regarded as the product of the free act of the accused than that obtained by official physical or psychological coercion." Id at 347-348.

    Given the above, it is hard to understand how the Respondent can argue that the promises (see Notice Regarding Dwight John as it reflects their prior oral agreements) and express threat (the prosecutor's statement that he was going to strip Mr. John of his Fifth Amendment right) made by the United States Attorney was not coercive as defined in Shotwell. The Respondent is also being disingenuous when it argues that the Supreme Court's rule of law in this area is not sufficiently clear to have warned the Commonwealth of Massachusetts that use of Mr. John's statement was a violation of Shotwell and Heath v. Alabama, 474 U.S. 82, 101 (1985)("the Constitution bars one sovereign from facilitating another's prosecution by delivering testimony coerced under promise of immunity or evidence")

    Petitioner reminds the Court that Mr. John's incriminating statements to the FBI Agent Green were not stumbled upon by the Commonwealth. They were, instead,

affirmatively provided by the United States government to the Commonwealth of Massachusetts after the federal prosecutor decided that he would no longer use Mr. John as a witness in a significant federal prosecution.  Given the coercive nature of the statements, this transfer of information between sovereigns constituted a violation of <u>Heath v. Alabama</u> rule against such conduct.  <u>Id</u>.

    Wherefore, Petitioner moves this Court to vacate his conviction.

BY DWIGHT JOHN'S ATTORNEY,


 /S/ JAMES W. LAWSON
JAMES W. LAWSON, BAR# 289300
20 Park Plaza, Suite 905
Boston, MA 02116
(617)227-3700