UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DWIGHT JOHN,  )
    Petitioner,  )
    )  Civil Action No. 05-11653-WGY
v.  )
    )
LOIS RUSSO,  )
    Respondent.  )

SUPPLEMENTAL MEMORANDUM REGARDING
EVIDENTIARY HISTORY OF SEPTEMBER 23, 2000, LETTER

On December 14, 2005, the Court ordered both parties to submit for further briefing on the factual issue of the existence of a purported informal agreement governing Mr. John's confession to the murder of Lesmore Buffong. The Court referred both parties to a September 23, 2000 letter written by Assistant United States Attorney David Novak to Assistant District Attorney Robert Tochka (the "letter").[1] *See* Doc. 14. The Court invited the parties to make substantive arguments and to inform the Court as to the following:

1)    The evidentiary history of the letter in the Massachusetts Superior Court and the Supreme Judicial Court;

2)    Any reference to this letter at trial or pre-trial hearings; and

3)    Any reference to this letter in any court order or other court document filed by the Superior Court.

*Issue One: The Evidentiary History of the Letter in the Suffolk Superior Court*

The parties agree that the Commonwealth provided the letter to the petitioner during the

---

[1] The letter appears at pages 34-36 of volume II of the Petitioner's Appendix to his habeas corpus petition.

2

discovery phase of his criminal case. The parties further agree that the defendant attached the letter as an exhibit to the Motion to Suppress Statements that he filed in the Suffolk Superior Court. In addition, the parties agree that the letter was attached to the petitioner's brief to the Supreme Judicial Court on direct appeal.

Further, the petitioner referred to the letter in the text of his brief to the Supreme Judicial Court at footnote 14 and at footnote 25. *See* Petitioner's Appendix to habeas corpus petition ("P.A.") I: 51 and I: 71.

In footnote 14, the petitioner wrote: "Novak's September 25, 2000 letter to the Suffolk County DA's Office states that John had informal immunity with the caveat that he provided truthful information. (DA-I:34-35). As this letter was written three years after Mr. John's federal cooperation ended, it is a late attempt to amend the unrestricted use immunity granted Mr. John in 1996-1997. See DA-I:162." P.A. I: 51.

In footnote 25, the petitioner wrote: "Again, Mr. Novak's September 25, 2000 letter to the Suffolk County DA's Office was written 3 years after the May 21, 1997 Notice regarding Dwight John was issue by Novak. The best evidence of the immunity agreement is the Notice. Compare DA-I:34-35 to DA-I:39." P. A. I: 71.

*Issue Two: Reference to the Letter at Pre-Trial Hearings or at Trial*

During review of the transcripts, counsel for the respondent was unable to find any instance where the letter was mentioned specifically at either the motion to suppress or at counsel's trial. In his memorandum, the petitioner does not appear to have cited to any instance where there was such a reference.

3

*Issue Three: Any Other Reference to the Letter by the Suffolk Superior Court*

Counsel for the respondent was unable to identify any other reference to the letter made by the Suffolk Superior Court.

*The Letter In Context And As Understood By The Parties*

In its written order of December 15, 2005, the Court quotes the following text from the letter: "I orally told [John] that he had use immunity for his statements to us, meaning that anything that he said cannot be held against him." *See* Doc. 14, p. 2 (emphasis and alteration added by the Court). The next sentence, however, is vital to place this broad statement in its proper context. In that sentence, Mr. Novak continues: "I told him [John] that this was conditioned upon him providing truthful evidence to us." P.A. II: 35. Thus, the letter is entirely consistent with the Superior Court's finding that: "*if* John testified at the [Beckford federal] trial in accordance with the prior grand jury testimony, he had use immunity for those statements." *Commonwealth v. John*, 442 Mass. 329, 335, 812 N.E.2d 1218, 1223 (2004); *see* P.A. I: 25.

As the letter indicates, immunity was conditioned upon the petitioner "providing truthful evidence," or, stated differently, testifying (truthfully) on behalf of the United States in the Beckford prosecution. That the petitioner understood this is made plain by his attempt to distance himself from the letter in his brief to the Supreme Judicial Court. *See* P.A. I: 51 ("As this letter was written three years after Mr. John's federal cooperation ended, it is a late attempt to amend the unrestricted use immunity granted Mr. John in 1996-1997").

In short, the petitioner, the Superior Court, and presumably the Commonwealth, all understood the letter to indicate precisely what the Superior Court found, *i.e.*, that immunity was conditioned upon the petitioner's testifying at the federal trial in Virginia. Because it is entirely

4

consistent with the state court's factual findings, it provides no basis to provide the petitioner with habeas corpus relief.

Respectfully submitted,

THOMAS F. RILEY
Attorney General

/s/ Daniel I. Smulow
Daniel I. Smulow, BBO 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2949

Dated: January 17, 2006

## Certificate of Service

    I, Daniel I. Smulow, hereby certify that I have inspected the docket sheets in this case and determined that counsel for the petitioner, James Lawson, Esq., has enrolled in the Court's ECF system and will be served through that system. Consequently, I have not separately mailed a copy of this document to Mr. Lawson.

/s/ Daniel I. Smulow