# United States Court of Appeals
## For the First Circuit

No. 06-2594
DC No. 05-cv-11653-WGY

DWIGHT JOHN

Petitioner - Appellant

v.

LOIS RUSSO, Superintendent, Souza Baranowski
Correctional Facility

Respondent - Appellee

**ORDER OF COURT**

Pursuant to 1st Cir. R. 27.0(d)

Entered: December 7, 2006

    This court has docketed petitioner's appeal from the denial of his petition for relief pursuant to 28 U.S.C. § 2254 in Civil Action No. 05-11653 (D. Mass.). On November 14, 2006, the district court granted by electronic order petitioner's request for a certificate of appealability. Pursuant to Local Rule 22.1, "[i]f the district court grants a certificate of appealability, it must state which issue or issues satisfy the standard set forth in 28 U.S.C. §2253(c)(2)."

    We now transmit copies of petitioner's request for a certificate of appealability to the district court and request that it specify as to which issues the certificate was granted. See Local Rule 22.1(a). Copies of the district court's ruling shall be forwarded to this court.

                                        By the Court:
                                        Richard Cushing Donovan, Clerk

                                        By: **MARGARET CARTER**
                                        Margaret Carter, Chief Deputy Clerk

CERTIFIED COPY

I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY.

FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA

By: J. Calardo  Date: 12-7-06

[Certified copy: Hon. William G. Young, District Court Judge and Sarah A. Thornton, Clerk, USDC]

[cc: James W. Lawson, Esq., Daniel I. Smulow, AAG, David Mark Lieber, AAG, Jonathan M. Ofilos, AAG]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
DWIGHT JOHN                    )
     Petitioner                )
                               )     Civ Action
     V.                        )     No. 05-11653-WGY
                               )
LOIS RUSSO,                    )
Superintendent                 )
Souza Baranowski               )
Correctional Facility,         )
     Respondent                )
```

**PETITIONER DWIGHT JOHN'S MOTION
FOR RECONSIDERATION OF THIS COURT'S JUDGMENT AND FINDINGS
PURSUANT TO RULES 52(b), 59(e) AND/OR 60(b)
OR, ALTERNATIVELY, REQUEST FOR CERTIFICATION OF APPEALABILITY**

Now Comes petitioner, Dwight John, who respectfully moves this Court to reconsider its denial of his Petition for Writ of Habeas Corpus, its factual findings and judgement of dismissal pursuant to Rules 52(b), 59(e) and/or 60(b) of the Federal Rules of Civil Procedure. Furthermore, Petitioner moves this Court to amend its factual and legal rulings accordingly and as specified below.

Alternatively, Petitioner moves this Court to issue a certificate of appealability addressed to the issues identified below on the grounds that petitioner has made a substantial showing of the denial of constitutional rights and that "reasonable jurists could debate whether (or, for that matter

1

*October 19, 2006,*

*The motion for reconsideration is denied. A certificate of appealability shall issue as to the matter raised herein.*

*William G. Young
District Judge*

agree that) the petition should have been resolved in a different manner or that issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322,336, 123 S.Ct. 1595 (2003) citing Slack v. McDaniel, 529 U.S. 437, 484, 120 S.Ct. 1595 (2000) See Rules 4(a)(4) and 22 of the Federal Rules of Appellate Procedure

## DISCUSSION

This Court cited a September 23, 2000 letter ("Letter" hereinafter) from Assistant United States Attorney Novak ("Novak" hereinafter) as evidence that Mr. John may have been granted use immunity by the federal government prior to his confession in June 1997. See Court's Memorandum and Order at 18-22. (hereinafter "Order") The Court then went on to suggest that it was precluded from finding that the terms outlined in that letter were the actual terms of that informal immunity agreement because Petitioner's brief argued that the Notice was the best evidence of what the terms of the immunity grant was. (Order at 18-22)

While Petitioner did argue that Novak's letter was an attempt to add a condition of truthfulness to the immunity grant ex-post facto, (Order at 20) Petitioner contends that this argument in no way precludes the Court from finding that Mr. John had immunity altogether. The question posed by Petitioner was not whether Mr. John had immunity but what the terms were, i.e.

2

"The scope", and whether it was unconditional or conditioned upon Mr. John being truthful. (Petitioner's Supplemental Brief at 3-6) Most respectfully, it is factually and legally inconsistent for the Court to now find that the Novak letter has no evidentiary value at all simply because Petitioner argued that terms reflected in the letter were different than the broad grant of immunity evidenced by the May 1997 Notice of immunity to defense counsel.

In fact, the September 2000 letter from Novak supports the converse of the Court's holding; it supports a finding that an immunity grant did in fact exist. The logic of such a conclusion is obvious and reasonable given that Novak's letter on its face confirms the existence of a grant of immunity to John. The combination of factors outlined in Petitioner's briefs, including but not limited to (a) Novak's statements during Mr. John's 1997 grand jury testimony, (b) his contradictory testimony during the state suppression hearing, (c) the language of the Notice sent out by Novak in May 1997, and, yes, (d) Novak's 2000 letter which specifically states that an immunity grant was conferred. Consequently, the question raised by defendant and not addressed by the Court was whether the September 2000 letter or the May 1997 Notice correctly conveys the terms of John's immunity.

Instead of addressing that question, this Court has concluded that Mr. Novak's September 2000 letter had no

evidentiary value whatsoever. (Order at 22-23) This finding is erroneous for many reasons including the fact that Mr. Novak himself, the prosecutor who Petitioner submits granted him use immunity, admitted in that letter that he did in fact grant Mr. John use immunity. Again, the question presented to the Court by Petitioner was whether this letter adequately supports a finding that the grant of immunity was conditioned on Mr. John being truthful pre-trial.[1]  (Order at 20)

It should also be noted that Novak testified at the state suppression hearing that he was giving Mr. John use immunity and stripping him of his Fifth Amendment right so that anything he said at trial could not be used against him. (Pet App III:91, 93). Novak also admitted at the suppression hearing that he believed that any pre-trial statements made by a witness who had informal use immunity were also protected by the agreement. (Pet App III:210,214)  While Petitioner cited this 2001 testimony as evidence that Novak was waffling on or attempting to alter the scope of the immunity agreement, there was never any suggestion that an immunity agreement did not exist. In fact, the testimony by Novak together with the 2000 Letter and the May 1997 Notice

---

[1] Novak testified at the state suppression hearing that he was giving Mr. John use immunity and stripping him of his Fifth Amendment right so that anything he said at trial could not be used against him. (Pet App III:91, 93). Novak also admitted at the suppression hearing that it was contemplated that any pre-trial statements made by a witness who had informal use immunity were also protected by the agreement. (Pet App III:210,214)

4

all confirm that Mr. John did in fact have immunity. The question posed was which terms applied.

While Petitioner pointed out that Novak had credibility problems, he submits that those credibility problems should weigh in his favor and not against him, as this Court has apparently held. In fact, Petitioner suggested that the Court should bifurcate the 2000 Letter by finding that the following portion of that Letter was credible ["In the Spring of 1997,...I orally told him that he had use immunity for <u>his statements to us</u>, meaning that anything he said cannot be held against him." (Emphasis added)], as it was consistent with the Notice issued in May 1997 which represented to the defense world that Mr. John enjoyed an unconditional use immunity, which was neither conditioned on truthfulness or his testimony at trial.

Petitioner asked the Court to reject the second portion of that 2000 Letter. This portion of the Novak letter states that Mr. John's immunity "was conditioned upon him providing truthful evidence to us." Petitioner respectfully submits that this condition was added ex post facto and was intended to narrow the scope of an otherwise broad grant of informal immunity to John as evidenced by the May 1997 Notice. Petitioner further submits that the record supports this conclusion by clear and convincing evidence as discussed above.

Now it would seem that if this Court were to find that Mr.

5

Novak's testimony was not credible then the negative inferences that flow from his testimony would support the Petitioner's position that the immunity grant was not conditional. The Court, instead, and Petitioner respectfully submits erroneously and against the weight of its own factual finding, reached the opposite conclusion, namely, that somehow the prosecutor's lack of credibility supported his own position that Mr. John did not have immunity at all. Consequently, Petitioner submits that the Court's own factual presentation and analysis of the record supports by clear and convincing evidence that some form of informal use immunity was granted by Novak to Mr. John.

Based upon the above and the prior briefs filed on Petitioner's behalf, Petitioner moves this Court to reconsider its opinion and reverse its finding that no immunity grant was conferred upon Mr. John. Petitioner then requests that this Court decide whether the terms of this grant of use immunity was conditional as contended by Novak's September 23, 2000 letter or whether it was as broad as submitted by Petitioner and evidence by the Notice. Petitioner then moves this Court to determine whether Mr. John's confession to Agent Green and his grand jury testimony were admissible at his state murder trial for the reasons previously advanced in his earlier briefs.

Consequently, Petitioner moves this Court to (1) reconsider its opinion and decision that Petitioner's argument precludes it

from finding that Mr. John had been granted immunity, (2) find that Novak did in fact grant Mr. John broad informal immunity that covers the statements in question or (3) find that there was a provision requiring truthfulness and then order an evidentiary hearing to determine whether the agreement should be enforced. More specifically, Petitioner moves this Court to amend its legal and factual findings as follows:

   1. AUSA David Novak's September 23, 2000 Letter (attached as Exhibit 1 and hereinafter referred to as "Letter") serves to support, not undermine, Petitioner's claim that he was granted informal use immunity by the federal government;

   2. The record demonstrates by clear and convincing evidence that Mr. John was granted informal use immunity. Consequently, the state court's factual and legal findings were wrong, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; and/or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." See Title 28 U.S.C. §2254(d);

   3. Factors in the record that support the above conclusion, include, but are not limited to: (a) the May 1997 Notice Regarding Dwight John sent out by AUSA Novak to all defense counsel stating that "Dwight John has been informed that he has

7

use immunity for his statements, meaning that anything he says cannot be held against him in any fashion." (Pet. App. II at 162); (b) statements made by Mr. Novak during Mr. John's grand jury testimony that, in exchange for his cooperation, he could only be prosecuted for perjury (Pet. App. II at 190-191); (c) the lack of record or contemporaneous notes by Novak to contradict the content of the "Notice"; (d) Mr. Novak's September 2000 Letter, which admits and confirms that he in fact granted Mr. John informal immunity in the spring of 1997 (Pet. App. II at 45-46); and (e) Novak's contradictory statements made during his suppression testimony in the state case as discussed by Petitioner in his briefs.

4. The question of whether Mr. John had use immunity in the Spring of 1997 is resolved by Mr. Novak's September 2000 Letter where he confirms that such a grant did indeed occur and that the United States believed it had entered into such an agreement. The only issue disputed by the Petitioner was whether the grant was unconditional as evidenced by the 1997 Notice or whether it was conditioned upon truthfulness as stated in the 2000 Letter.

5. The plain language of the Notice provides broad immunity that is not conditioned upon Mr. John's testimony or truthfulness. (Pet. App. II at 162)

6. Based upon the cases cited in Petitioner's Supplemental Brief, this Court should find that any ambiguity between the May

8

1997 Notice and Novak's September 2000 Letter must be resolved in Mr. John's favor pursuant to principles of fundamental fairness and the Due Process Clause of the Fifth and Fourteenth Amendments.[2] See United States v. Wells, 211 F.3d 988, 995 (6th Cir. 2000) and United States v. Aguilera, 654 F.2d 352, 354 (5th Cir. 1981)

7. The plain language of this Notice clearly covers all statements made by Mr. John and does not limit the immunity to trial testimony. Therefore, fundamental fairness dictates that it should be read as providing broad unconditional immunity for any statements made after (if not before) the issuance of the Notice in May 1997. As Mr. John's confession occurred in June 1997, this confession was protected by the broad grant of informal immunity contained in this Notice. (Pet. App II at 33)

8. Consequently, defendant was denied due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and principles of fundamental fairness when the federal prosecutor provided the prosecutor in Massachusetts with Mr. John's confession and grand jury testimony and this evidence was admitted in Mr. John's state murder prosecution. See In Re: Grand Jury John Doe, No. 93-1485, 1993 WL 177144, at 3 (1st Cir.

---

[2] It should be noted that AUSA Novak testified it was his intent that trial immunity also covered pre-trial statements. (Pet. App. III: 210, 214) Regardless, the scope of this Notice was ambiguous enough to have caused a reasonable person to believe it covered pre-trial statements also.

9

May 27, 1993); United States Pelletier, 898 F.2d 297, 302 (2nd Cir. 1990); and cases cited by Court (Order and Memorandum at 14) and in Petitioner's Supplemental Brief, at 4-5, 9-10. ("P.S.B." hereinafter)

 9. Any other findings that would be consistent with granting Mr. John's Petition or concluding that he was granted informal use immunity in or before the Spring of 1997.

 Based upon the above, the Petition should be granted or an evidentiary hearing should be granted to determine which statements by Mr. John are protected by the informal grant of use immunity.

 Alternatively, Petitioner moves this Court to issue a certificate of appealability addressed to the issues described in items 1 through 8 above and items 10 and 13 below:

 10. The Massachusetts Courts violated Petitioner's Fifth and Fourteenth Amendment due process rights and right to fundamental fairness by admitting statements at his murder trial that had been protected by an informal use immunity grant by the federal government. See discussion above.

 11. The Massachusetts Supreme Court's affirmance of Petitioner's murder conviction and rejection of his claim that his statements had been immunized was contrary to and an unreasonable application of clearly established law in violation of Petitioner's right to fundamental fairness and due process

10

pursuant to the Fifth and Fourteenth Amendments.  See discussion above.

12.  The Massachusetts Supreme Court's affirmance of Petitioner's murder conviction and rejection of his claim that his statements had been immunized was based upon an unreasonable determination of the facts in light of a record in violation of Petitioner's right to fundamental fairness and due process pursuant to the Fifth and Fourteenth Amendments.  See discussion above.

13.  The Massachusetts Courts violated Petitioner's Fifth and Fourteenth Amendment rights by admitting Mr. John's coerced confession and grand jury testimony at his murder trial.  As Petitioner believed he was required to respond to the FBI's inquiries about the Boston murder pursuant to the grant of informal use immunity conferred on him by the federal government, any answers he gave were coerced and not given voluntarily.  See United States v. Carpenter, 611 F.Supp. 768, 776 ("Any evidence induced by an equitable grant of immunity, although not compelled by court order..., is coerced testimony for Fifth Amendment purposes.") and Shotwell Mfg Co. V. United States, 71 U.S. 341 (1963) See also United States v. McFarlane, 309 F.3d 510, 513 (8th Cir. 2002)("while 'the protection given a defendant by an immunity agreement is co-extensive with the protection against self incrimination afforded by the Fifth Amendment,' the immunity

11

agreement itself governs the scope of the immunity involved."). But see United States v. McLaughlin, 957 F.2d 12 (1st Cir. 1992).

In support of the request for a Certificate Of Appealability, Petitioner submits that he has made a substantial showing of the denial of constitutional rights and that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322,336, 123 S.Ct. 1595 (2003) citing Slack v. McDaniel, 529 U.S. 437, 484, 120 S.Ct. 1595 (2000) See Rules 4(a)(4) and 22 of the Federal Rules of Appellate Procedure. For additional support of this request for a Certificate of Apealability, Petitioner incorporates the above arguments and those from his previous briefs in support of this Petition.

Wherefore, Petitioner moves this Court to reconsider its denial of his Petition for Writ of Habeas Corpus, its factual findings and judgement of dismissal pursuant to Rules 52(b), 59(e) and/or 60(b) of the Federal Rules of Civil Procedure. Furthermore, Petitioner moves this Court to amend its factual and legal rulings accordingly and as specified below. Alternatively, Petitioner moves this Court to issue a Certificate of Appealability.

BY DWIGHT JOHN'S ATTORNEY,

12

/S/ JAMES W. LAWSON
JAMES W. LAWSON, BAR# 289300
20 Park Plaza, Suite 905
Boston, MA 02116
(617)227-3700

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of Petitioner above Motion through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 18th day of October 2006.

/s/James Lawson
JAMES LAWSON BBO# 289300
20 Park Plaza, Suite 905
Boston, MA 02116